**In re Christopher KNOELL and Maureen Knoell, Debtors.**

**ARIZONA CORPORATION COMMISSION, Appellant,**

v.

**Christopher KNOELL and Maureen Knoell, Appellees.**

**Civ. No. 92–674–PHX–EHC.**

United States District Court, D. Arizona.

Sept. 16, 1993.

Helen Leslie Hall, Arizona Atty. General's Office, Phoenix, AZ, Norma B. Martens, Wendy Lee Coy, Arizona Corp. Com'n, Legal Div., Phoenix, AZ, for appellant.

John Friedman, Phoenix, AZ, for appellees.

### ORDER

CARROLL, District Judge.

*Background*

On January 23, 1992, the debtors, who are involved in a Chapter 11 Bankruptcy proceeding, were served by the Arizona Corporation Commission with a subpoena requesting testimony and documents regarding possible violations of the Arizona Securities Act. The debtor refused to obey the subpoena, claiming that the automatic stay, set forth in 11 U.S.C. § 362(a) excused him from complying with these requests. Petition to Enforce Stay at 2.

On a petition from the debtor to enforce the automatic stay, the Bankruptcy Court found that the stay precluded investigation by the Commission and that the Commission would have to seek an examination pursuant to Rule 2004 of the Rules of Bankruptcy Procedure. Under Advisement Ruling (Dkt. # 38). The Commission then filed an appeal in this Court.

■ This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a). The exemption of an action from the automatic stay is a question of law and is reviewable *de novo* by this Court. *In re New England Fish Co.*, 749 F.2d 1277, 1280 (9th Cir.1984).

*Discussion*

Under 11 U.S.C. § 362(a), on application, there is an automatic stay of most proceedings concerning a debtor:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

■ However, 11 U.S.C. § 362(b)(1), (4) and (5) creates an exemption to the stay to allow governmental units to continue to investigate the debtor's fraudulent or criminal acts:

(b) The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

The appellant maintains that it believes that violations of the Arizona Securities Act may have occurred in connection with projects in which the debtors were involved. Appellant's Opening Brief at 7. Thus, appellant argues, the exemption applies in this instance because the investigation falls within the Commission's police and regulatory powers. *Id.* at 5. The Court concurs with this analysis.

The Commission's jurisdiction is invoked pursuant to the Arizona Securities Act, Ariz. Rev.Stat.Ann. § 44–1801, *et seq.* (1987), which gives the Commission the power to investigate possible violations of Arizona securities law. *Id.* §§ 44–1822, 1823. The offer and sale of securities is regulated to protect the public. *Reilly v. Clyne,* 27 Ariz. 432, 441, 234 P. 35, 38 (1925); *Butler v. American Asphalt & Contracting Co.,* 25 Ariz.App. 26, 29, 540 P.2d 757, 760 (1975).

Based on the foregoing analysis, the Court finds that the Commission's investigation does fall within the exemption to the automatic stay, because it is pursuant to the Commission's police and regulatory power. Accordingly,

**IT IS ORDERED** that the decision of the Bankruptcy Court upholding the automatic stay is reversed.